**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BASIL PERRY,

              Plaintiff,

v.                                                                  Case No. 15-10599

MICHAEL C. BROWN,

              Defendant.

_____/

**ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I. INTRODUCTION**

This matter has come before the court on a *pro se* civil rights complaint under 42

U.S.C. § 1983.  Plaintiff Basil Perry is a state prisoner at the Central Michigan

Correctional Facility in St. Louis, Michigan.  Defendant Michael C. Brown is an assistant

prosecuting attorney for Monroe County, Michigan.

The complaint and attached exhibits indicate that, on January 7, 2015, the

Michigan Parole Board decided to release Plaintiff on parole as of February 5, 2015.

Defendant appealed that decision to the State's 38th Circuit Court and also sought a

stay of the Parole Board's order.  He argued that the Parole Board had violated state

law, that the Board lacked reasonable assurances that Plaintiff would not become a

menace to society or the public, and that the public would be irrevocably harmed if

Plaintiff were released.

Plaintiff claims in his pending complaint, which he signed on February 9, 2015,

that Defendant is preventing him from being paroled.  According to Plaintiff, Defendant

falsely stated in his appeal from the Parole Board's decision that Plaintiff is a threat to society, that Plaintiff did not have an interview with the Parole Board, and that Plaintiff does not have a GED or a waiver of that requirement.  Plaintiff also appears to claim that Defendant asked one of the complaining witnesses in his criminal case to provide false information about where the crimes occurred.  He seeks to hold Defendant liable for each day that he is incarcerated until he is released on parole.

In a supplemental complaint filed on March 23, 2015, Plaintiff alleges that Defendant slandered him in newspaper articles by stating that the Parole Board was planning to release a sexual predator.  Although Plaintiff has been convicted of one count of child sexually abusive material or activity and four counts of criminal sexual conduct involving a person thirteen to fifteen years of age, he claims that he has never been charged with a predatory offense.  He contends that Defendant's slanderous remarks were intended to harm him and his family and to create alarm in the community.

## II.  STANDARD

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe

2

his complaint in the light most favorable to him, accept his factual allegations as true,

and determine whether he can prove any set of facts that would entitle him to relief."

*Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  While a complaint "does not

need detailed factual allegations," the "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (footnote and citations omitted).  In other words, "a complaint must

contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*

### III.  DISCUSSION

#### A.  *Preiser, Heck,* and *Wilkinson*

Plaintiff's complaint is frivolous and fails to state a claim because it challenges his

confinement in prison.  When, as here, "a state prisoner is challenging the very fact or

duration of his physical imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that imprisonment, his sole

federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500

(1973).  Thus, Plaintiff's challenge to his imprisonment is "cognizable only in federal

habeas corpus, with its attendant requirement of exhaustion of state remedies."  *Id.* at

499 n.14.  Furthermore,

to recover damages for allegedly unconstitutional conviction or

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original).  *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would necessarily demonstrate the invalidity of Plaintiff's continued imprisonment.  Therefore, he is barred from challenging his imprisonment in this civil rights action.

## B.  Immunity

The complaint is subject to dismissal for an additional reason:  prosecutors enjoy absolute immunity from liability under § 1983 for conduct "intimately associated with the judicial phase of the criminal process."  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  "Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including . . . parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate."  *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003).

4

Defendant was personally involved in Plaintiff's parole proceeding and was acting as an advocate for the people of the State of Michigan when he appealed the Parole Board's grant of parole and sought a stay of the Parole Board's decision. Therefore, he enjoys absolute immunity for his role in opposing Plaintiff's release on parole.

Although Plaintiff also seeks to hold Defendant liable for defaming him and for asking a complaining witness to provide false information about Plaintiff during the criminal prosecution against Plaintiff, prosecutorial immunity extends to the knowing use of false testimony at trial. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Prosecutors also have absolute immunity from suits for defamation. *Id.*

## IV.  CONCLUSION

For the reasons given above, Plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly,

IT IS ORDERED that the complaints (Dkt. #1 and Dkt. #7) are summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

       s/Robert H. Cleland                       
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2015, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522